UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD LEWIS, an Individual<br><br>Plaintiff,<br><br>v.<br><br>SYMANTEC CORPORATION, a corporation; Does 1-50, inclusive,<br><br>Defendants. | Case No. C-13-02061-RMW<br><br>**ORDER REMANDING CASE** |

On March 27, 2013, plaintiff Richard Lewis ("Lewis") filed a civil complaint in the Santa Clara County Superior Court alleging one cause of action for wrongful termination in violation of public policy. Compl., Dkt. No. 1, Ex. A. On May 6, 2013, defendant Symantec Corporation ("Symantec") removed this case to federal court on the basis of federal question jurisdiction. Notice of Removal, Dkt. No. 1. Both parties agree that the only claim at issue is a claim for wrongful termination in violation of public policy. However, Symantec contends in its notice of removal that, because Lewis claims that certain "federal policies were violated when he 'raised questions, concerns and/or objections to Symantec regarding misleading and/or false representations . . ." to its customer, the U.S. Army Medical Command ("USAMC"), the claim
ORDER
CASE NO. C-13-02061-RMW
ALG
- 1 -

"arises under," *inter alia*, the federal False Claims Act and Information Technology Management Reform Act. Notice of Removal 2. The case is now before the court on defendant's motion to dismiss. The court in reviewing the Complaint finds that it lacks subject matter jurisdiction and, therefore, remands the case back to the Santa Clara County Superior Court.

## I. BACKGROUND

Lewis is a former employee of Symantec. In 2008 and 2009, Lewis worked with Symantec's Solutions Marketing group, and later transferred to a position as a field engineer within Symantec's "Security sector." Compl. ¶¶ 7, 9. Lewis alleges that, at times, he observed Symantec promoting its products to the USAMC as being certified under the Federal Information Processing Standards ("FIPS") when in fact they were not. *Id.* ¶ 10. Lewis alleges that he "raised and reported this concern to superiors in his group." *Id.* Some unidentified time later, Lewis allegedly engaged in a verbal altercation with a co-worker at a company sponsored event in Las Vegas. *Id.* ¶ 13. "[W]ithin a brief time" thereafter, Symantec's Human Resources department contacted Lewis advising him that his employment was being suspended pending an investigation. *Id.* At an unidentified time thereafter, Symantec terminated Lewis's employment. *Id.*

On March 27, 2103, Lewis filed a civil complaint in the Santa Clara County Superior Court alleging one cause of action for wrongful termination in violation of public policy. On May 6, 2013, Symantec removed this case to federal court on the basis of federal question jurisdiction.

## II. ANALYSIS

Although neither party has raised the issue of jurisdiction,[1] this court has an independent obligation to examine its jurisdiction. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir.

---

[1] In Lewis's opposition to Symantec's motion to dismiss, Lewis states: "[i]t must be recognized that this case . . . is now before this Court only because Defendant recently removed it based on

ORDER
CASE NO. C-13-02061-RMW
ALG
- 2 -


1996). "There is a 'strong presumption' against removal jurisdiction . . . and any uncertainties are to be resolved in favor of remand." *Kanter v. Warner-Lambert Co.*, 52 F. Supp. 2d 1126, 1129 (N.D. Cal. 1999) (internal citations omitted).

In *Rains*, the Ninth Circuit held that "[i]t is state, not federal, law that creates the cause of action for wrongful discharge in violation of public policy." 80 F.3d at 343. In that case, the defendant relied on Title VII as one of several sources of public policy supporting his state law claim. *Id.* at 343. The court explained that "[t]he direct and indirect references to Title VII in th[e] state law causes of action do not make those claims into federal causes of action." *Id.* at 344.

Here, the Complaint on its face raises only one claim under California state law for wrongful termination in violation of public policy.[2] Here, like in *Rains*, the Complaint cites to two federal statutes, as well as California state consumer protection laws, as various sources of public policy in support of the state law claim. Compl. ¶ 15. The federal laws cited in the Complaint here simply support California's public policy. Like in *Rains*, Lewis "brought a state law claim and cited a federal statute as an alternate basis for establishing one element of his claim." 80 F.3d at 344. "That the same facts could have been the basis for a [federal] claim does not make [Lewis's] wrongful termination claim into a federal cause of action." *Id.*

---

the stated grounds of *diversity of citizenship* of the parties." Opp'n 1, Dkt. No. 7 (emphasis added). Lewis is simply incorrect. Symantec removed on the sole basis of federal question jurisdiction. Notice of Removal 2. In any event, as Lewis is a California resident and Symantec is a California corporation, diversity does not exist.

[2] In Lewis's opposition to Symantec's motion to dismiss, Lewis expressly acknowledges that "the sole cause of action alleged in the Complaint . . . [is] wrongful termination in violation of public policy." Opp'n 4.

ORDER
CASE NO. C-13-02061-RMW
ALG

- 3 -

### III. CONCLUSION

For these reasons, the court concludes that it lacks jurisdiction over Lewis's state law claim and REMANDS the case back to Superior Court of the State of California, County of Santa Clara.

Dated: June 10, 2013

*Ronald M. Whyte*
Ronald M. Whyte
United States District Court Judge